CHEHARDY, Judge.
Juan Carlos Navarro was charged in a bill of information with the crimes of possession of 45 grams of marijuana and battery on a police officer, in violation of LSA-R.S. 40:966 and 14:34.2.
As a result of a plea bargain he pleaded guilty to the first offense and the second count was nol prossed. He was sentenced to six months in the parish prison, the maximum prison term provided under R.S. 40:966(D).
Defendant protests the sentence. He comes before this court with two assignments of error:
1. The trial judge erred in imposing a discriminatory and excessive sentence; and
2. The court committed reversible error in failing to follow statutory guidelines.
ASSIGNMENT OF ERROR No. 1
Defendant claims his ' constitutional rights were violated because the 14th Amendment of the United States Constitution prohibits discrimination based upon race, creed, or national origin. He contends the principal reason for the imposi-, tion of a jail term appears to be the fact that he is a native of Cuba.
Defendant’s arrest was the culmination of criminal activity involving the sale of one pound of marijuana to an undercover agent for $40.
The following day a search warrant was obtained, and at defendant’s home detectives found 55 grams of green vegetable matter, three scales, two vials with white marijuana and white powder residue, one amber vial with white powder residue, and two marijuana pipes. Forty-five grams of marijuana were found in defendant’s room. Defendant admitted one of the scales was stolen from Bonnabel High School.
During the arrest a scuffle between defendant’s brother and the arresting police officers began and defendant joined in. Both young men had to be subdued.
The above facts form part of the probation department’s pre-sentence report read into the record. Defendant admitted the above facts were true.
Defendant concludes that the jail sentence he received was due to the fact that he was Cuban. He points out that the trial judge mentioned the offense only once, but referred to his nationality four times.
Of the four references to Cuba which defendant contends constitute prejudice, one was his own answer to the question about where he was born.
The judge then said, “You come from Cuba. Well we don’t like to see things happen the way you did them in this country. I don’t know what Cuba is, and I’m not holding it against you because you’re from Cuba, but * *
These references to Cuba, of which defendant complains, appear to be entirely incidental. It is clear that before the judge even knew defendant was Cuban he intended to sentence him to jail, because prior to the sentencing the judge asked defendant if he had anything to say.
Defendant indicated he was sorry for what he had done. The judge then said, “You’re sorry now because it’s time to go to jail.” He went on to say that everyone had tried to treat defendant fairly, that he had been represented by one of the best attorneys in the court’s history and that defendant did not seem to appreciate any *1219 thing. Then he asked defendant where he was born.
In our opinion the jail sentence was based upon defendant’s criminal activities. There is no indication that a native American with a similar involvement would have received a lesser or probationary sentence. Thus we find the allegation of prejudice and discrimination based on national origin totally unsupported and unwarranted.
Defendant then argues the sentence imposed was excessive, due to his youth, his stable home environment, his lack of prior criminal activity, the minor nature of the crime and the fact that he is linguistically disadvantaged.
The trial judge was aware that defendant was 20 years old, and knew of his home environment and his lack of prior criminal activity. However he was also aware that defendant was more deeply involved in the drug world than the charge of simple possession indicated.
Defendant has been in this country for three years and attended high school here. He exhibited no linguistic disability or difficulty in answering at length, in English, all questions asked of him by his attorney and the trial judge. His comprehension and responses indicated he clearly understood the English language and was able to speak it fluently.
We have given careful consideration to these allegations and conclude there was no discrimination on the part of the trial court and that defendant’s criminal activities alone warranted imposition of the sentence.
ASSIGNMENT OF ERROR No. 2
Appellant claims the trial court failed to follow the sentencing guidelines provided by LSA-C.Cr.P. art. 894.1, which requires the court to state for the record the factual basis and considerations taken into account in imposing sentence.
The trial court initiated the sentencing proceedings with a review of previous proceedings in the case and then read into the record a synopsis of the pre-sentence investigation.
The report indicated defendant was a very hostile individual, had a poor school record, was tardy or absent on numerous occasions, and had a D average. He was socially promoted and socially graduated.
It was also stated defendant did not feel he had done anything wrong by selling or possessing marijuana. He was very arrogant and could not accept authority, and had no respect for the crime he had pleaded guilty to or respect for the law he had broken.
The judge accepted these findings and included them in his reasons for sentencing.
C.Cr.P. art. 894.1(A) sets forth three circumstances which justify imposition of a prison sentence:
“(1) There is an undue risk that during the period of a suspended sentence or probation the defendant will commit another crime;
(2) The defendant is in need of correctional treatment or a custodial environment that can be provided most effectively by his commitment to an an institution; or
(3) A lesser sentence will deprecate the seriousness of the defendant’s crime.”
In announcing the six-month jail sentence the court gave defendant credit for time served and noted that with time off for good behavior defendant could be out in 90 days.
The trial judge complied with the requirements of law, and the sentence imposed is within his sound discretion.
For the reasons assigned the sentence is affirmed.
AFFIRMED.